UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JEAN BERTHO FONTUS,

Petitioner,

v. Case No. 3:26-cv-1068-MMH-LLL

WARDEN, BAKER CORRECTIONAL INSTITUTION and U.S. ATTORNEY GENERAL,

Respondents.

---

**ORDER**

Petitioner Jean Berthos Fontus, an immigration detainee, initiated this action by filing a pro se Petition for a Writ of Habeas Corpus (Doc. 1) on April 30, 2026. Fontus, a citizen of Haiti, was paroled into the United States on June 1, 2024. Doc. 7-1 at 1–3. On December 20, 2025, local law enforcement arrested Fontus on a domestic violence battery charge. Id. at 6. United States Immigration and Customs Enforcement (ICE) subsequently issued a detainer, and on January 1, 2026, local law enforcement transferred Fontus to ICE custody. Id. While ICE initially detained Fontus at Baker Correctional Institute in Sanderson, Florida, it transferred him to a facility in Georgia in

May 2026.[1] Doc. 9 at 2. The crux of Fontus's Petition is that he is not subject to mandatory detention under 8 U.S.C. § 1225(b). Doc. 1 at 7. As relief, he seeks, inter alia, immediate release. Id. at 8.

Along with his Petition, Fontus has filed a Motion to Transfer Venue (Doc. 9), asking the Court to transfer this case to the United States District Court for the Southern District of Georgia because Fontus is now in a facility in Folkston, Georgia. The Motion to Transfer is due to be denied. This Court retains jurisdiction, despite Fontus's transfer, because Fontus was detained within the Middle District of Florida when he initiated this action. See Rumsfeld v. Padilla, 542 U.S. 426, 441 (2004) ("[W]hen the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release."). Indeed, if a § 2241 petition must be transferred every time the petitioner is transferred, it is doubtful that the case would ever be decided. See, e.g., Elcock v. Streiff, 554 F. Supp. 2d 1279, 1282 (S.D. Ala. 2008). And, in

[1] Because Fontus is no longer in the custody of the Baker County Correctional Institute, the Court will grant Fontus's Motion to Substitute Respondent (Doc. 10) and substitute the Warden of Fontus's current detention facility as the proper Respondent. See Rumsfeld v. Padilla, 542 U.S. 426, 434 (2004) ("The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'").

this case, the Petition is now ripe for review. Therefore, the Court will not transfer this case.

As to the merits of the Petition, the Eleventh Circuit Court of Appeals has concluded that "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1276 (11th Cir. 2026). Although Hernandez Alvarez did not directly address the circumstance of a petitioner, like Fontus, who is detained at or near the border, paroled into the United States, and is re-detained over a year later, its reasoning also applies to this case. Fontus was not seeking entry at the border when he was re-detained; therefore, he is not subject to § 1225. See id. at 1285 (recognizing the "longstanding border-interior distinction" for purposes of immigration detention that Congress preserved in the Immigration and Nationality Act).

Accordingly, it is **ORDERED**:

1. Fontus's Petition for a Writ of Habeas Corpus (Doc. 1) is **GRANTED** as to his claim that his detention without an individualized bond hearing violates the Immigration and Nationality Act.[2] Within **seven days** of

[2] Because the Court finds that Fontus is entitled to relief on his assertion that Respondents violated the Immigration and Nationality Act, the Court need not address his remaining contentions. See Banks v. Dretke, 540 U.S. 668, 689 n.10 (2004) (declining to address an additional claim in a habeas petition after granting relief on another claim because "any relief [petitioner] could obtain on that claim would be cumulative").

this Order, Respondents shall either afford Fontus an individualized bond hearing consistent with 8 U.S.C. § 1226(a) or release him. If Respondents release Fontus, at least **five (5) hours** before releasing him, Respondents shall provide him with access to a telephone to arrange transportation from the detention facility.

2. Fontus's Motion to Substitute Respondent (Doc. 10) is **GRANTED**. The Warden of the Folkston ICE Processing Center is substituted as the proper Warden-Respondent, and the Warden of the Baker County Correctional Institute's Motion to Dismiss (Doc. 8) is **DENIED as moot**.

3. Fontus's Motion to Transfer Venue (Doc. 9) is **DENIED**.

4. The **Clerk** is directed to terminate any pending motions, enter judgment granting the Petition, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of August, 2026.

Marcia Morales Howard

MARCIA MORALES HOWARD
United States District Judge

Jax-9 8/24
c:
Jean Bertho Fontus, #A244561584
Counsel of Record